UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: DAVID E. GRAVLIN,  )
                                                 )       Case No.: 17-41417
                    Debtor )       Chapter 13

# JOINT PRE-TRIAL MEMORANDUM REGARDING THE MOTION OF LORA FICKETT TO DISMISS CASE AND THE OBJECTION OF LORA FICKETT TO THE CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

The Parties submits the following pre-trial memorandum in the above-captioned matter:

**A. Jurisdiction**

The parties acknowledge that this Court has jurisdiction over these matter and consent to the entry of final order by this Court.

**B. Witness Information**

Debtor:

    David E. Gravlin
    111 Chase Road
    Lunenburg, MA  01462

    Lora Fickett
    36 Bulkeley Road
    Littleton, MA  01460

Creditor:

    David E. Gravlin
    111 Chase Road
    Lunenburg, MA  01462

    Errika Gravlin
    33 Laurel Lane
    Groton, MA 01450

    Lora Fickett
    36 Bulkeley Road
    Littleton, MA  01460

**C.  Witness Testimony**

Debtor does not intend to introduce any evidence by way of deposition.

Creditor does intend to introduce evidence by way of transcript from previous court hearings in bankruptcy and probate court.

**D.  Expert Witnesses**

Debtor does not intend to call any expert witnesses.

Creditor does not intend to call any expert witnesses.

**E.  Exhibits**

Debtor:

1. Debtor's Bankruptcy Petition, Schedules, Statement of Financial Affairs and Chapter 13 Plan;

2. Foxwood's Win/Loss Statements for the years 2013 – 2018;

3. All Financial Statements for both parties relating to Middlesex Probate Court Docket no. 11D1940;

4. Memorandum and Judgment on Complaints for Modification Filed June 16, 2014 and August 2016 re: Middlesex Probate Court Docket no. 11D1940;

5. Marital Separation Agreement dated October 17, 2011 re: Middlesex Probate Court Docket no. 11D1940;

6. Amended Memorandum of Decision dated April 23, 2015 re: Middlesex Probate Court Docket no. 11D1940;

    7. Motion to Stay Enforcement of Child Support and Monetary Orders Pending Appeal and all related Exhibits re: Middlesex Probate Court Docket no. 11D1940;

    8. Memorandum and Orders dated December 8, 2016 re: Middlesex Probate Court Docket no. 11D1940; and,

    9. Letter from MDOR Child Support Enforcement Division dated August 29, 2018

Creditor:

    1. Debtor's Bankruptcy Petition, Schedules, Statement of Financial Affairs and Chapter 13 Plan;

    2. Foxwood's Win/Loss Statements for the years 2013 – 2018;

    3. All Financial Statements for both parties relating to Middlesex Probate Court Docket no. 11D1940;

    4. Marital Separation Agreement dated October 17, 2011 re: Middlesex Probate Court Docket no. 11D1940;

    5. Amended Memorandum of Decision dated April 23, 2015 re: Middlesex Probate Court Docket no. 11D1940;

    6. Memorandum and Orders dated December 8, 2016 re: Middlesex Probate Court Docket no. 11D1940; and,

    7. Letter from MDOR Child Support Enforcement Division dated August 29, 2018

    8. Errika Gravlin's financial statement dated March 30, 2017 re: Middlesex Probate Court Docket no. 15D0076;

9. David and Errika Gravlin's separation agreement re: Middlesex Probate Court Docket no. 15D0076;

10. David Gravlin most recent Credit Report;

11. David Gravlin Jr. 2017 W-2 and 1099-MISC from Gravlin Stoneworks;

12. Probate court docket sheet re: Middlesex Probate Court Docket no. 11D1940;

13. Restraining order violation summons re: Ayer District Court Docket no. 1348CR001565

14. Arbitrator decision and award dated March 2014 re: Middlesex Probate Court Docket no. 11D1940;

15. Forensic report on David Gravlin Jr. in relation to arbitration in 2014 re: Middlesex Probate Court Docket no. 11D1940;

16. Any and all documents previously filed with Motion to Dismiss, Objection to Confirmation of the Plan and Proof of Claims on behalf of the creditor

F. **Statement of Objections for Deposition**

Debtor: n/a

Creditor: n/a

G. **Exchange of Exhibits**

H. **Admitted Facts**

The Parties agree that the parties were divorced pursuant to a final judgment of the Middlesex Probate Court. The parties acknowledge that the Debtor is in arrears on child support payments due to the Creditor. The parties further acknowledge that the Debtor owes the Creditor other monies relating to Probate Court Orders.

### I. Issues of Fact Remaining to Be Litigated

The following issues of facts remain to be litigated:

1. The amount of past due child support as of the date of filing;

2. Whether the Debtor is an employee or owner of Gravlin Stoneworks;

3. The amount of the Debtor's regular income, expenses and debt obligations to other creditors;

### J. Issues of Law

The following issues of law remain to be determined:

1. Whether the creditors Proof of Claims are general unsecured debts, or whether they should be treated as priority claims in the Debtor's Chapter 13 Plan.

### K. Statement Summarizing Debtor's Case

The Debtor and the Creditor were married in June 1999 and they separated in October 0f 2011. There are three minor children from that marriage. The parties owned three (3) properties at the time of their separation and divorce. The marital home was conveyed to the Creditor. The two remaining property were sold and the proceeds went to the Creditor.

Throughout the last 7 years custody arrangement of the individual children has varied – currently, the Creditor has primary custody of two of the children have custody of the third child.

The parties have had a very contentious divorce, resulting in several contempt motions and orders. The Debtor has been found in contempt and sentenced to jail time twice – the first was for failure to pay the Creditor's legal fees. The Debtor obtained these funds from his grandmother and the contempt order was lifted. The Second contempt was for

failing to make sufficient child support payments and he was ordered incarcerated for sixty days. This Order was vacated by the Massachusetts Supreme Judicial Court as that Court determined that he did not pay because he did not have the ability to do so, not because there was "clear and undoubted disobedience". This is not an issue of bad faith, but rather a matter of lack of funds.

This contentiousness has also trickled down to the children. While both parties are involved in the issues with the children, the Court clinician has determined that "Ms. Fickett is engaged in 'ongoing, active alienation' "of the children's relationship with the Debtor. The Debtor believes that the Creditor's actions in this Motion and Objection are merely an extension of this behavior and that they were not filed in good faith.

In July 2017, two months prior to the filing of this Chapter 13 case, the Middlesex Probate Court entered a modification of support Order. Said Order requires the Debtor to pay the Creditor $16.00 per week in child support, in addition to $100.00 per week toward arrears. The Debtor continues to make these payments. There is no mention of the property settlements, nor any discussion of alimony, in the Court's order of July 2017. A review of the records in that proceeding reveal no statements that these property settlements were in lieu of alimony. Therefore, they should be treated as general unsecured debts. As such, the Debtor is able to propose a confirmable Chapter 13 plan, in good faith, which would be in the best interest of all parties.

**L. Statement Summarizing Creditor's Case**

The Debtor and the Creditor were married in June 1999 and they separated in October 0f 2011. There are three minor children from that marriage. The parties owned three (3) properties at the time of their separation and divorce. The marital home encumbered by a

substantial mortgage with an estimated $59,000 in equity was conveyed to the Creditor. The debtor received his Lunenburg residence which had no mortgage at the time of separation, after the residence was sold below market value; the creditor received her share in the equity of that home. The third Maine property was sold without a gain; as such neither party received any monies from the sale.

The current custody arrangement of the individual children is as follows. The debtor has abandoned the oldest child, now age 17, with no contact or visitation with her in the past 6 years. The debtor has abandoned the second child, now age 15, with no contact or visitation with him in the past 5 years. The youngest child, now age 14, has chosen to reside with the debtor and with frequent visits to the creditor throughout the week as school and sports allow.

The parties have had a very contentious divorce, initial court issues arose from the debtor's attempted murder of the creditor, sitting across the street from the creditors home with a loaded shotgun and the creditor's filing of a restraining order. The debtor was arrested on one occasion for violating the restraining order to which he was put on probation by the district attorney. Later, stop payment of child support and other financial obligations by the debtor resulted in 18 contempt motions and orders and 2 incarcerations, both for nonpayment of child support. The Debtor has sentenced to jail time twice – the first was for failure to pay child support after the debtor was found to have been paying his legal fees. The Second was two months after the first and again it was for failing to make sufficient child support payments and he was ordered incarcerated for sixty days. This Order was vacated by the Massachusetts Supreme

Judicial Court as that Court determined the debtor requested an evidentiary hearing on his ability to pay.

Some contempt charges are clearly a result of bad faith in that they do not relate to financial matters, the debtor has the ability to comply, such as applying for life insurance or producing document request for trial, but the debtor has refused to comply thus finding himself in contempt of court for "clear and undoubted disobedience". Other contempt charges relate to his having the ability to pay his obligations but refusing to do adhere to the court orders.

The debtor filed bankruptcy in 2013 where again the creditor was the creditor of significant consequence and that filing was cited in bad faith and dismissed. The debtor has had the ability to pay the obligations in question in the past and has always refused. The debtor's pre-petition conduct towards the credit has been improper and the filing of the petition effectively allows the debtor to evade court orders.

The debtor has owned a Gravlin Masonry business since 1990 after he took over the business from his father who had owned and operated the business for the previous approximately 20 years. In April 2013, the ownership of the company changed hands to Errika Gravlin and the name was changed to Gravlin Stoneworks. Errika has no masonry or construction background and has admitted in a previous court hearing that no work is done without the Debtor. It is the creditor's believe that the ownership was changed to hide half of the income of the business in Errika Gravlin's name and the debtor could operate the business entirely on his own claiming the entire income. As the debtor and Errika were married at the time of the business transfer, this was not an arm's length transaction.

In July 2017, two months prior to the filing of this Chapter 13 case, the Middlesex Probate Court after finding the debtor in contempt for not providing requested discovery for trial to determine his income, entered a modification of support Order. Said Order requires the Debtor to pay the Creditor $16.00 per week in child support, in addition to $100.00 per week toward arrears. The Debtor makes the $16 a week payments and no other payments to the creditor. Once the arrears in the child support are paid or at the emancipation of the youngest child, the court has ordered the debtor is to make payments to the other obligations in arrears in the amount of $200 a week.  The debtor is not currently paying the $1,000 per month domestic support obligation in question with Proof of Claim 9.  The July 2017 is pending appeal.

It is the creditor's belief that this petition is not in her best interest.  The debtor has had the ability to pay, the probate court has been lenient on payment plans that allow him to pay and yet he still refuses to pay.  In addition, the amount of times the debtor has been found in contempt show the debtors lack of respect for judge, the court and court orders.  She also believes that the filing is done in bad faith based on the debtor's conduct towards her, his obligations, and his desire to evade court orders.

### M. Estimated Length of Trial

Debtor and Creditor estimate the trial will take one day in its entirety.

/s/ Wendy M.Mead                                              /s/ Lora Fickett

| | |
|---|---|
| Wendy M. Mead, Esq. (BBO: 535333) | Lora Fickett |
| Wendy M. Mead, P.C. | 36 Bulkeley Road |
| 11 Pleasant Street, Ste. 30 | Littleton, MA  01460 |
| Worcester, MA 01609 | Tel.: 978-235-4033 |

Tel.: 508-751-0200  
Fax: 508-751-0201  
Email: wendymeadpc@verizon.net

Email: LoraFickett@yahoo.com